# FIFTEENTH COURT OF APPEALS

ARMANDO RAMOS,
    APPELLANT,

V.

MARVIN DUNBAR, et al.,
    DEFENDANTS.

§    COURT OF APPEALS NUMBER

§    15-24-00019-CV

§    TRIAL COURT CASE NUMBER

§    036245

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 4 2025

CHRISTOPHER A. PRINE
CLERK

## APPELLANTS MOTION FOR RE-HEARING AND/OR EN BANC RECONSIDERATION

COMES NOW, Apellant seeking re-hearing and/or en banc reconsideration pursuant to Tex. R. App. Proc. 49.1 and 49.5 as Appellant beleives and will show this Court and the Justices of said Court that the decision in the above cause number was erroneous and Appellant will demonstrate that the issue presented is extraordinary in circumstances and en banc reconsideration should also be considered pursuant to TRAP 41.2(c). Appellant will show the following.

## DEFENDANTS/ATTORNEY GENERAL MIS-REPRESENTATION OF THE FACTS

Defendants in their response, on PAGE 16, mis-represent the facts pertaining to the very issue in question.

At: ii <u>Similarly Situated Individuals Are Treated Equally.</u> They state: Inmates recieving an additional storage container for medical, educational or religious are not granted additional space.

This false representation made by the attorney general fails for two reasons:

1.  If that were true there would be no need for this litigation

but the most compelling reason

2.  On 02/04/25 the very day Appellant recieved the extension of time and a copy of the courts opinion. Appellant attended the 12 noon law library session. A field minister showed up and was given

1

a subsequent storage container for his religious materials and was instructed that only religious material could go in the box and that it was subject to random inspections. There was no mention of giving up half of his personal storage to religious materials, as Appellant who has a "legal box" does.

Inmate Erik Donnelly was present and his affidavit is attached to this motion as ATTACHMENT 1. Inmate Donnelly witnessed the above and has himself tried to obtain a subsequent storage container for his legal work and was denied. SEE ATTACHMENT 1.[1]

TDCJ policies for all practical purposes are the law of the land in the Texas penal institions and as such should be applied to all equally.

The State argues and the Court agrees that AD 03.72 and ATC-040 are in place for "managing limited space in prison settings, limiting amount of property an inmate can accumulate, preventing fires and reducing the burden placed on prison staff justify the polices". MEMORANDUM OPINION-PAGE 6.

Appellant agrees that the policies serve a legitimate penalogical interest, however, the cruix of his complaint is that he is similarly situated as those recieving the metal subsequent storage container for medical, education and religiou, yet Appellant is being treated as a class of one, when in a punitive manner is made to give up half of his personal storage space to qualify for the metal box, while others are not. Also just as important is they also store flammable materials in their subsequent storage containers.

[1] Ms. Amy Oliver is the law library supervisor and can be reached at: (936) 825-3728 for verification.
Field Minister, Mr. McBride.

## RATIONAL BASIS REVIEW-WRONG STANDARD

The rational basis review was the wrong standard applied because appellant agrees that the policies are valdid, however "as applied" to him they are punitive in nature. TDCJ is arbitrarly treating appellant as a "class of one", which is equal protection violation, as he is being made to give up half of his personal storage space to qualify for a "legal box" while others are not.

The Texas Supreme Court in: Cadena Comm. V Tex. Alcohol, 518 SW3d 318,335 (Tex 2017) Held: To establish an equal protection claim, deprived party must show that he was treated differently from another similarly situated.

CLASS OF ONE

Then in: City of Dallas V Jones, 331 sw3d 781 (5th Court of Appeals 7/10) (An equal protection claim may be asserted by a plaintiff as a "class of one" if he alleges that he has been intentionally treated differently by other similarly situated and there is no rational basis for the difference in treatment).

HOFFMAN v MOORE, 2020 Tex App Lexis 3405 (13th Court of Appeals 04/20) The equal Protection Clause of the 14th amendment requires that "all persons similarly circumstanced by treated alike".

Another clear defintion of a "class of one" equal protection claim in found in: Plyler V Doe, 457 U.S. 202, 216 (1982) The Supreme Court ruled: An equal protection claim may be asserted by plaintiff as a "class of one" if he alleges: 1) he has intentionally been treated different from others similarly situated, 2) there is no reational basis for the difference in treatment.

Further, "the purpose of the equal protection clause is to secure against intentional and arbitrary discrimination and a plaintiff must allege he is being treated differently from those whose situation

3

is directly comparable in all material respects. SEE ALSO: Jones @ 787.

Appellant has clearly met the burden, showing this Court clear and convincing evidence that he has a valid "class of one" equal protection claim, as there is no rational basis for the diffference in treatment between himself having to give up half of his personal storage space to qualify for a subsequent storage container for his legal work and those requesting and recieving a subsequent storage container for medical, educationalor a reliogious box do not have to give up half of their personal storage space. Clearly arbitrary and intentional discrimination as appellant is directly comparable to the others requesting a subsequent storage container, in all material aspects.

A clear "class of one" equal protection claim. SEE ALSO ATTACHMENT 1.

## AS APPLIED

The definition of an "as applied" challenge is found in: Gilbert V TDCJ, 490 SW3d 598 (1st Court of Appeals 03/16) A litigant raising an "as applied" challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances. SEE ALSO: Gutirrez V State, 2024 Tex App Lexis 86#1 (13th Court of appeals 12/24).

In EBS Solis Inc. V Hegar, 601 SW3d 744 (Tex 5/20) The court held: In an as-applied challenge the statute may be generally constitutional but the party challegenging its claim that it operates unconstitutional as it specifically because of its particular circumstances.

Appellant has already brought before this Court factual evidence that he and others who have a legal box are being treated differently than others with a subsequent storage containers. SEE ATTACHMENT 1.

4

The policies in question are being applied in a punitive nature to those who qualify for a legal box, by making them give up half of their personal storage space, while others do not have that burden, and there is no penalogicial interest, given the fact that the subsequent storage containers are metal and fire resistant.

Also just as important is the fact that every 90 day those with a "legal box" must take their legal box and all legal materials to the law library for inspection and material no longer is use are purged.

The Supreme Court in Overton V Bazzetta, 539 U.S. 126 (06/03) Established four factors relevant in deciding whether a prison regulation effecting a constitutional right survives challenge.

1. Regulation has a valid rational connection to a legitimate governmental interest. (Appellant agress that the policies are needed, as explained in the Court memorandum opinion on page 6, and mentioned in this filing, page 2. However appellant will re-iterate, these are metal storage containers and every 90 day those with legal boxes get their materials inspected and purged, thus limiting the amount of proprty an inmate can acculate and no fire hazard). Again only those with legal boxes are subject to this inspection.

2. Whether there are alternative means open to inmates to excercise the asserted right. (Here, once it is established an inmate has active litigation and more than one cubic doot of legal material, allow that inmate to store his legal material in the fire resistant metal box, like other with subsequent storage containers).

3. What impact an accomadation of the right have on guards and inmates and prison resources. (None, boxes are metal and fire resistent).

5

4.  And whether there are ready alternatives to the regulation. (Allow those with legal boxes to store all their legal materials in the metal subsequent storage container).

These factors have been followed in Texas, SEE Fernandez V State, 341 Sw3d 6 (Waco 12/10).

In Speech First Inc. V Fenves, 979 F. 3d 319 (5th Cir. 10/20) When challegning a policy, to have standing, a plaintiff must: 1) have suffered an injury in fact,  2) that is fairly traceable to the challenged actions of the defendants,  3) that will likely be redressed by a davorable decision. (Quoting Lugan V Def's of Wild-life,  504 U.S. 555, 560-61 (1992).

Appellant has clearly met this burden as there is no legitimate penalogicial interest in "making" those with legal boxes give up half of their personal storage space, when other with subsequent storage containers are not.  The policies "as applied" to appellant and those with legal boxes is punitive in nature, and equal protection violation, discriminatory and arbitrarily applied, as those with educational, medical, and religious boxes, similarily situated as appellant  do not have to give up half of their personal storage space to qualify for a subsequent storage container, which is metal.

SEE ALSO: ATTACHMENT 1- AFFIDAVIT OF MR. ERIK DONNELLY.

## INTENT-EFFECT TEST

Finally, appellant request that the "intent-effect test" be applied to determine if appellant has a valid class of one and/or an as-applied challenge to the arbitrary polices.

This "test' is discussed in Doe V Abbott, 345 F.Supp 3d 763 (11/18)  Which states: To detrmine if a law is punitive, courts apply the intent effect test.   If the legislature intent is not

6

punitive, only the "clearest proof" that the statute's effect is punitive is sufficent. Smith V Doe,123 S. CT. 1140 (2003).

The polices in question ATC-040 and AD 03.72 (which for all practical purposes are the law of the land in TDCJ), "as Applied" to appellant and others with legal boxes is clearly punitive in nature. SEE ATTACHMENT 1- showing the clearest proof needed to show its punitive nature.

Further in Doe V Abbott: In determining whether the effects of a statute is punitive, the Supreme Court has identifed seven factors courts should consider. Kennedy V Mendoza-Martinez, 83 S. CT. 559 (1963). Appellant will adress three:

# 2) Imposes a affirmative disability (The polices as - applied to those with legal boxes, there is a clear restriant to the amount of personal storage space he now has, this restriant is not applied to other with subsequent storage containers).

# 3 Promotes traditional aims of punishment. (When only those with "legal boxes" have to give up half of their personal storage space because they have active litigation and are in need of a metal legal box and those with medical, educational or religious boxes do not, it is clearly punitive in nature).

# 5) Is excessive with respect to the purpose. ( Defendant claim, fire hazard and excessive materials, however the boxes are metal and those with legal boxes get inspected every 90 day while others do not).

## CONCLUSION

There is no legitimate penalogicial interest in having those with subsequent storage containers for legal work (legal box) give up half of their personal storage space, while those with medical,

7

educational or religious boxes do not. Appellant has brought before this court the need for re-hearing and/or en banc reconsideration as the polices as applied to appellant are punitive in nature, because he has a legal box and for no other reason. This is arbritary and discriminatory application of the polices, an extraordinary equal protection claim.

## PRAYER

Appellant prays this Court grant his motion for re-hearing and/or en banc reconsideration and review his claim under the class of one and the as-applied standards, or any other eleif this court deems warrented.

_(signature)_
Armando Ramos

## UNSWORN DECLARATION

I Armando ramos TDCJ# 544522,DOB 10/16/56 being presently incarcerated in Grimes County,Pack Unit, 2400 Wallace Pack Rd, Navasota, Tx 77868, have personal knowledge and declare under penalty of perjury that the foregoing is true and correct. Executed the 5th day of February, 2025.

_(signature)_
Armando Ramos # 544522
Pack Unit
2400 Wallace Pack Rd
Navasota, Tx 77868

## CERTIFICATE OF SERVICE

I Armando ramos do hereby certify that a true and correct carbon copy of the above has been forwarded to: Attorney General of Texas, mr. Kemp Phelps, P.O. Box 12548, Austin, Tx 78711, by placing same in the Pack Unit mailbox, postage pre-paid.

_(signature)_
Armando Ramos # 544522
Pack unit
2400 Wallace Pack Rd
Navasota, tx 77868

8

STATE OF                                         COUNTY OF

TEXAS                                            GRIMES

## AFFIDAVIT OF ERIK DONNELLY

MY name is Erik Donnelly and at the present time I am incarcerated
at the Pack 1 Unit, in Grimes County.  My TDCJ number is 1537459.
I am over the age of 18 and of sound mind and make this affidavit of
my own free will.

On 02/04/25 I was at the 12 noon law library session on the Pack
Unit and a field minister came into the law library and was given a
subsequent storage container and was told by Ms. Oliver, the law
library supervisor that only religious materials could be placed in
the "box" and that it could be subject to random inspections.  At no
time was the field minister told to bring his religious materials so
they could be inspected nor was he told that half of his personal
storage box would have to have religious materials to quailfy for the
subsequent storage container.

Further, I tried to qualify for a subsequent storage container for
my legal work.  I had to take all my legal materials to the law
library for inspection.  I failed to qualify, I was told by Ms. Oliver
that I lacked an inch and a half of material.  However case law I
recieved from the State Law Library, research for my case, was not
allowed to be used to qualify.  It was over six inches of case law
pertaining to my criminal conviction.  I was denied a "legal Box".

The above requirements were not applied to the field minister, he
just came in and grabbed a box and was on his way, no inspection or
measuring of his materials or giving up half of his personal storage
space.

I, Erik Donnelly, TDCJ # 1537459, presently incarcerated in Grimes
County, Pack 1 Unit, 2400 Wallace Pack Rd, Navasota, Tx 77868, have
personal knowledge and declare under penalty of perjury that the fore-
going is true and correct.

Executed this 5th day of February, 2025.

Erik Donnelly TDCJ # 1537459
Pack 1 Unit
2400 Wallace Pack Rd
Navasota, Tx 77868

15th Court of Appeals
P.O. Box 12852
Austin, Tx 78711

02/19/25

Armando Ramos # 544522
Pack Unit
2400 Wallace Pack Rd
Navasota, Tx 77868



FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 4 2025

CHRISTOPHER A. PRINE
CLERK

**MAILED**
2/19/2025

RE: Cause # 15-24-00019-CV
    Motion for re-hearing/en banc reconsideration

Dear Mr. Prine:

   This is to inform you that on 02/13/25 I had mailed this filing to your court, however it was returned from the post office without an explanation.

   I am still within the 30 day extension allowed by the court, so I hope this goes out as it should‖

   Please inform me of your receipt of this filing, thank you‖

Respectfully,

Armando Ramos

cc:file

15 th Court of Appeals
Mr. Prine
P.O. Box 12852
Austin, Tx 78711

02/13/25



FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 4 2025

CHRISTOPHER A. PRINE
CLERK

Armando Ramos # 544522
Pack Unit
2400 Wallace Pack Rd
Navasota, Tx 77868

RE: Cause # 15-24-00019-CV
    Motion for re-hearing/en banc reconsideration

Dear Mr. Prine:

Enclosed is my motion for re-hearing and/or en banc reconsideration. I have attached an affidavit as ATTACHMENT 1. Please ensure that it is properly filed in the Court.

I want to thank you for promptly responding to my last letter and sending me the courts opinion. Because of your promptness I did not need all the 30 day extension the court granted.

Mr. Prine if at all posiible please send me notice that this filing has been recieved and filed with the court. I request this for me records.

Again, thank you.

Respectfully,

Armando Ramos

cc:file

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 4 2025

CHRISTOPHER A. PRINE
CLERK

Armando Ramos #544522
Pack Unit
2400 Wallace Pack Rd
Navasota, TX 77868



Fifteenth Court of Appeals
ATTN: Court Clerk / Mr. Prine
P.O. Box 12852
Austin, TX. 78711

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTI
INSTITUTIONS DIVISION